

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00020-CR

_____

ROBBIE JOE WELCH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 38396-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A jury found Robbie Joe Welch not guilty on the two counts of aggravated sexual assault, but guilty on the two counts of indecency with a child; the jury assessed punishment of eight years' imprisonment on the first count of indecency with a child, and two years on the second count of indecency with a child. The trial court ordered the sentences to run consecutively.

On appeal, Welch contends that: (1) the evidence is legally insufficient to support the conviction; (2) the trial court erred by admitting Welch's video-recorded statement; (3) the trial court erred by admitting irrelevant evidence; (4) the trial court erred by admitting hearsay evidence; (5) the trial court erred by refusing to allow Welch to subpoena evidence; and (6) the trial court erred by limiting Welch's cross-examination of a witness. We affirm the judgment of the trial court.

## I.    Facts

In 2007, a few years prior to the indictments in this case, Cody Millsap, the son of Welch, reported that Welch was sexually abusing Jane Doe,[1] a minor child. However, based largely upon Jane's denial of the allegations, the Child Protective Services (CPS) determined that no abuse had occurred. A year or two later, Jane told her grandmother that Welch had sexually abused her. Jane's allegations were for the same alleged actions and time period as those of the previous CPS investigation. After the grandmother contacted the police, and Jane was forensically interviewed, Welch was arrested and indicted on two counts of aggravated sexual assault and two counts of

---

[1]The pseudonym used at trial, which we will continue.

indecency with a child. All of the counts allege acts involving the same complaining witness, Jane.

## II.    Sufficiency of the Evidence

In his first two points of error, Welch contends that the evidence was insufficient[2] to support the verdict. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of indecency with a child beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

---

[2]Welch argues the evidence is both legally and factually insufficient to support his conviction. In *Brooks v. State*, 323 S.W.3d 893, 894–95, 912–13 (Tex. Crim. App. 2010) (a 4-1-4 decision with one judge joining the lead opinion with a concurring opinion and another concurring with the lead opinion and joining that concurrence), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and the concurring judges agreed that the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the sole standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894–95, 912–13. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address the defendant's challenge to the factual sufficiency of the evidence.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct jury charge, Welch committed the offense of indecency with a child by contact against Jane if (1) Welch (2) on a date before those listed in the indictment[3] (3) in Gregg County, Texas (4) either engaged in sexual contact with Jane or caused Jane to engage in sexual contact (5) when Jane was younger than seventeen years of age at that time and not Welch's spouse. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2010). Sexual contact means "any touching by a person" of "any part of the genitals of a child" or "any touching of any part of the body of a child" with "any part of the genitals of a person," "if committed with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c) (Vernon Supp. 2010).

A person engages in sexual contact "by touching the anus, by touching the breast, or by touching the genitals with the requisite intent. Each one of these acts represents a different offense." *Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007). "Consequently if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same transaction, the person is criminally responsible for three separate offenses." *Id.* at 718.

---

[3]The State may allege in an indictment that an offense occurred "on or about" a date certain. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). "[T]he 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Id.* at 256.

Count three of the indictment alleges that Welch touched Jane's genitals and count four alleges contact with Jane's breast. Welch contends that: (1) "a finding of guilt as to more than one count is clearly not justified" because the State failed to prove that the actions alleged in both counts occurred in Gregg County, Texas,[4] and (2) the evidence supporting the verdict is insufficient because it is inconsistent and inaccurate, and "taken in total, simply paint[s] a picture that cannot result in a conviction."[5]

Jane testified that Welch first sexually touched her while she lived in Kilgore with her mother, her stepbrother, Millsap, and Welch. It happened after she turned thirteen. She testified that Welch touched her breasts and her genitals[6] with his hands. Rebecca Cunio, the forensic interviewer, testified that during the forensic interview, Jane told her that during this episode of contact, Welch was "touching her on her breasts, on her vagina, and on her bottom." During the forensic interview, Jane recalled Welch asking her "if it feels good while he rubs her on these places." Kilgore Police Officer Tony Stone testified that the Kilgore home Welch and Jane lived in at the time of the alleged contact was located in Gregg County, Texas.

In his argument, Welch directs our attention to several issues. The sexual abuse allegations in this case are the same allegations that Millsap made in 2007, when Jane denied being

---

[4]Specifically, he argues that "[t]he CAC interview indicates that the child said only one incident of fondling took place in Gregg County" and that "[a]ll other allegations relate to alleged incidents in Dallas or Tyler."

[5]Welch's sufficiency argument does not challenge that the evidence is sufficient that the alleged offenses occurred: (1) on a date or dates prior to those listed in the indictment; (2) at a time Jane was younger than seventeen years of age; or (3) at a time when Jane was not Welch's spouse. Therefore, we do not address these elements on appeal.

[6]At trial, Jane referred to her breasts as "bubbles" and her genitals as her "pee pee."

abused and CPS found no abuse to have occurred. Millsap made the allegations after running away from home and being found by the police. During the CPS investigation of Millsap's allegations, Jane and her mother both pointed out that Millsap had behavioral issues and would lie to get attention or to get the "heat" off of him.

In the current investigation, two days after Jane told her grandmother of the alleged abuse, Watson first spoke with relative and family friend, Officer Stone, and at his direction, she spoke with the child and typed a written statement of what Jane told her. Welch asserts that the grandmother, the outcry witness, was not a credible witness because of her previous negative financial dealings[7] with Welch, her visitation with Jane had been restricted, her anger at Welch over Jane's allegations, and the fact that she waited two days to report the initial outcry. Welch also attacks the written statement, the basis of Stone's police report, because Cunio and others testified that it was best for an allegedly abused child to be forensically interviewed by a trained professional "so as not to lead the child or to implant memories that did not exist, not to make the child -- not to suggest things to the child that did not occur."

Last, Welch points out that Jane's testimony was conflicting and inconsistent. Paula Bradley, Jane's counselor, testified that Jane was easily manipulated and that approval from her grandmother was important to her. Bradley stated that Jane would need frequent breaks when talking to an investigator about sexual abuse, and during the trial, Jane did take several breaks

---

[7] Jane's grandmother had cosigned with Welch on a vehicle that Welch and Jane's mother were purchasing. However, Welch defaulted, leaving the grandmother to pay the note.

6

during cross-examination, but only one during direct. Jane testified that the abuse occurred in "my -- in his bedroom," but on cross she admitted that the Kilgore home only had one bedroom, occupied by her and sometimes Millsap, and that Welch and her mother slept on a futon in the living room. Jane testified that Millsap knew of the abuse because, on one occasion, he saw it happening when he walked into the room; however, Millsap testified that he never saw any abuse occur, and the only way he knew about it was because Jane told him.

Because there is evidence that Welch, with the requisite intent, touched Jane's breast and genitals during the same transaction, Welch could be legally charged and convicted of two separate offenses. *Pizzo*, 235 S.W.3d at 718. There was also testimony from both Jane and Cunio that the breast and genital contact occurred while Jane and Welch were at home in Kilgore, and Officer Stone testified that their home in Kilgore was located in Gregg County, Texas. The evidence is of sufficient strength to support the jury's finding that the separate offenses alleged in counts three and four occurred in Gregg County, Texas.

Welch attacks the credibility of witnesses and points to the conflicts and inconsistencies in the evidence as he argues that the evidence is so unreliable that the convictions must be reversed. However, the "jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979). The jury may reasonably infer facts from the

evidence presented, and is free to believe or disbelieve all or part of a witness' testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

While there was conflicting evidence in this case as well as questions regarding witness credibility, the jury in this case was free to weigh the credibility of the witnesses and resolve any conflicts in the evidence against Welch. Here, when viewing the evidence in the light most favorable to the verdict, there is sufficient evidence from which a rational jury could find that the State proved beyond a reasonable doubt the elements alleged in counts three and four of the indictment. Accordingly, we overrule Welch's first two points of error.

## III.    The Admission of Welch's Video-Recorded Statement

After Welch was taken into custody, the Kilgore police questioned him and video-recorded his statement. At trial, the recorded statement was admitted into evidence as State's Exhibit 3 and Defense Exhibit 1.[8] In his third point of error, Welch contends that the trial court erred in admitting his recorded statement because he invoked his right to counsel twice near the beginning of the statement.[9]

Generally, a party must object to preserve error on appeal. *See* TEX. R. APP. P. 33.1(a). However, pursuant to Rule 103(d) of the Texas Rules of Evidence, appellate courts may take

---

[8]At trial, Welch orally objected and sought to suppress the last two or three minutes of the statement because, at the time in the video, Welch asserted his right to counsel. The trial court sustained the objection. The last three minutes of the statement are not at issue in this appeal.

[9]The alleged invocations occur at approximately 1 minute 57 seconds and again at the 5-minute mark.

"notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." TEX. R. EVID. 103(d). Fundamental errors fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury. *Id*. "Absolute, systemic rights" include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's compliance with the Separation of Powers Section of the state constitution, a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of *ex post facto* laws, and certain constitutional restraints on the comments of a judge. *Id*. at 888–89. Notably, neither of the fundamental error categories includes the admission or exclusion of evidence, regardless of how probative or prejudicial the evidence might be. *See id*.

Here, Welch is arguing that the trial court erred in admitting evidence, but he failed to object to the statement's admissibility at any time before or during trial.[10] In order to be preserved for appeal, an error regarding the admission or exclusion of evidence must be brought to the trial court's attention, be it through oral objection or written motion. Therefore, Welch failed to preserve this issue for our review.

---

[10]In its brief, the State mentions that four months after his conviction, Welch, acting pro se, filed a motion to suppress evidence on June 10, 2010. No such motion was included in the record before us. Therefore, we will not consider it for any purpose.

**IV.    The Admissibility of the Terrel and Ward Testimony**

The State asked Bunny Terrel about a specific instance of delayed outcry that Welch had previously asked Officer Stone about. Welch objected, arguing that there was "no probative value to this line of testimony." The trial court overruled the objection. Later, the State asked David Ward about Millsap's behavior after he was interviewed by the Kilgore officers investigating Jane's allegations. Welch, again, objected, arguing that the information was irrelevant. The trial court overruled the objection. In his fourth point of error, Welch contends that the trial court erred by admitting irrelevant testimony from Terrel and Ward. We disagree.

Because trial courts are in the best position to decide substantive admissibility questions, we must review the trial court's ruling on admissibility under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). Therefore, the question that we must determine is whether the trial court's decision that the specific testimony from Terrel and Ward was relevant is within the zone of reasonable disagreement.

We note that Welch only objected to the relevancy of the testimony. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the

10

evidence. TEX. R. EVID. 401. "If the trial court believes that a reasonable juror would conclude that the proffered evidence alters the probabilities involved to any degree, relevancy is present." *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990). Relevant evidence is presumed admissible. TEX. R. EVID. 402; *Erazo v. State*, 144 S.W.3d 487, 499 (Tex. Crim. App. 2004). Evidence that is not relevant is inadmissible. TEX. R. EVID. 402.

Terrel was admitted as an expert, without objection, "in the area of child sexual abuse, child physical abuse, forensic [sic] interviewing, and child abuse." After asking her a few questions about delayed outcry, which Terrel testified was common, the State asked her whether she recalled a specific case of delayed outcry where a child "who had been interviewed and recanted and then was interviewed again and made an outcry" and the case later went to trial. Terrel testified she was familiar with the case and that it took some time before the child was able to make an outcry. Welch objected on the ground that "there's no probative value to this line of testimony."[11]

During his opening statement, cross-examinations, and closing arguments, Welch used Jane's previous denial of abuse and CPS's determination that no abuse had occurred to attack the credibility of Jane's testimony and that of the allegations against him. Testimony by an expert witness that provides useful background information to aid the jury in evaluating the testimony of

---

[11]In his brief on this point of error, Welch cites Rule 403 of the Texas Rules of Evidence and its requirement that even relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. However, his "not probative" objection failed to raise an issue with the trial court regarding whether the probative value was substantially outweighed by any unfair prejudicial effect the testimony might have. Because the Rule 403 issue was not invoked at trial, it is not preserved for review.

11

another witness is probative and admissible. *See Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). Here, the trial court found Terrel's testimony to be relevant. The trial court was within the zone of reasonable disagreement because Terrel's testimony could help the jury evaluate the credibility and content of Jane's delayed outcry.

Welch also objected to the relevance of testimony given by David Ward, the superintendent of the Arkansas Sheriffs' Youth Ranch. Detective David Merrell had gone to the Youth Ranch and questioned Millsap about Welch's and Jane's allegations, and at trial, the State asked whether Ward was "able to observe anything about Cody that happened during the questioning or immediately thereafter in regards to his behavior?" Welch objected, arguing that the testimony was irrelevant.[12] The trial court overruled the objection, and Ward testified that Millsap was afraid of "what would happen if [Welch] found out," and quoted Millsap as saying, "You don't understand. . . . We're talking about a bad man." Ward pointed out that after being questioned about Welch, Millsap's behavior "regressed to the point that he got really upset one night and banged his head against the wall until he was almost unconscious and he had to be placed in acute care for ten days at Methodist Behavioral Health."

Here, Welch only objected regarding the relevance of Ward's testimony about Millsap's behavior after being interviewed about Jane's allegations against Welch. Evidence that has any tendency to make the existence of any material fact more or less probable is relevant. TEX. R.

---

[12] At trial, Welch also objected on the ground that Ward was not qualified to testify regarding psychological issues. However, Welch does not raise that issue on appeal, so we do not address it.

EVID. 401. The trial court was within its discretion to find that a reasonable juror could view Millsap's fear of Welch as relevant and explanatory for Jane's fear of Welch, the proffered reason for her prior denial and delayed outcry. The trial court's decision was within the zone of reasonable disagreement. Accordingly, we overrule this point of error.

## V. Alleged Hearsay and Unchallenged Evidence

The State asked Cunio what Jane wanted to happen to Welch. Welch objected because it called for hearsay,[13] but the trial court overruled his objection. Cunio testified that Jane had a strong desire to see someone punished. Later in the trial, Jane's grandmother testified, over Welch's hearsay objection, that Jane was afraid of Welch. In his fifth point of error, Welch contends that the trial court erred in admitting the testimony from Cunio and the grandmother because their testimony was hearsay.

Even if the witnesses' testimony amounted to hearsay and the trial court erred by admitting it, any error was harmless because the same or similar testimony was admitted without objection at another point in the trial. *McNac v. State*, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007) (citing *Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998) ("improper admission of evidence is not reversible error if the same facts are shown by other evidence which is not challenged").

Here, Welch objected to Cunio's testimony that Jane had a strong desire to see someone punished. The video-recorded interview between Cunio and Jane was admitted into evidence,

---

[13]Welch also objected on the ground that the question called for a conclusion, but he does not raise that issue on appeal, so we do not address it.

without objection, as State's Exhibit 3, and played for the jury.   During deliberations, the jury requested and viewed the video again.   On the video, Jane tells Cunio that she wants Welch to go to jail for a long time.   The record indicates that Welch's trial counsel muted portions of the video pursuant to an agreement between the attorneys; however, the record does not indicate which specific portions were so muted.   There is nothing in the record or in Welch's brief indicating that the jury did not hear Jane's video-recorded wishes that Welch be punished.

Welch also objected to the grandmother's testimony that Jane was afraid of Welch; however, both Jane's mother and Jane, herself, testified, without objection, that Jane was afraid of Welch.   During her interview with Cunio, Jane repeatedly states that she is afraid of Welch. Texas law requires a party to continue objecting each time inadmissible evidence is offered.[14] *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (citing *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984) ("[d]espite the improper form and content of the question, it is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered").   By failing to object to the statements made in the video, as well as the above-referenced testimony of Jane and her mother, any previous hearsay error on these issues was rendered harmless.   Accordingly, we overrule Welch's fifth point of error.

## VI.    The Subpoena Duces Tecum Request

---

[14]There are two exceptions to the "contemporaneous objection" rule.   The first is via a running objection, and the second is via a one-time objection, outside the presence of the jury, to all the testimony counsel deems objectionable on a given subject.   *Ethington*, 819 S.W.2d at 858–59.   Neither of these exceptions apply in this case.

In a pretrial motion, Welch orally requested that he "be allowed a subpoena for the production of any computers that are in the property or possession of the victim in this case, [Jane], or [Jane's mother] or Cody Millsap." Welch believed "that there may be some contact between the alleged victim and some witnesses that maybe -- may shed some light on this situation and possibly have some evidence that might be available for trial."[15] The State argued that the request was a baseless "fishing expedition." The trial court denied the request. In his sixth point of error, Welch argues that the trial court erred by refusing to allow Welch to subpoena the computers.

Welch failed to specify the nature of his requested subpoena. As there is neither written application for the subpoena nor extensive argument during the pretrial hearing, it is unclear whether Welch was requesting that the witnesses produce the computers for pretrial examination or that the witnesses bring the computers with them on the day of trial.[16]

Under both the United States Constitution and the Texas Constitution, a defendant has a right to compulsory process for witnesses and information in the possession of witnesses. U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. arts. 24.01–.29 (Vernon 2009 & Supp. 2010); *Etheridge v. State*, 903 S.W.2d 1, 7 (Tex. Crim. App. 1994). Chapter 24 of the Texas Code of

[15]In his brief, Welch maintains that "[t]he record in the case at bar shows that there was communication via computer between [these witnesses] regarding the case." However, the record does not support that assertion. Jane confirmed that Millsap was a Facebook "friend" of hers, but she denied chatting with him through Facebook. There is no evidence indicating that Jane, Millsap, or Jane's mother used their computers to communicate with each other about this case.

[16]Nothing in Welch's pretrial argument or his brief on appeal indicates that he was asking the State to seize the computers and then produce them for inspection via the disclosure process.

Criminal Procedure authorizes a defendant to obtain a subpoena to secure the presence of witnesses whose testimony is material to its case. TEX. CODE CRIM. PROC. ANN. arts. 24.01–.29. Issuance of the subpoena is a matter of right on written, sworn application identifying the witness and stating that the testimony is material to the State or defense. TEX. CODE CRIM. PROC. ANN. art. 24.03. Article 24.02 specifically authorizes the issuance of a subpoena duces tecum directing the witness to produce in court writings or other things in their possession. TEX. CODE CRIM. PROC. ANN. art. 24.02. But neither the Sixth Amendment nor Article 24 "include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52–53 (1987). The oral motion generally requesting information from computers was neither written nor specific. The trial court did not abuse its discretion in denying the pretrial motion for production of the computers.

Welch could have been seeking a subpoena requiring the witnesses to produce the computers on the day of trial. However, before a subpoena may be issued, the Texas Code of Criminal Procedure requires a defendant to file an application for a subpoena with the trial court's clerk. TEX. CODE CRIM. PROC. ANN. art. 24.03(a). Here, the record does not contain a sworn application asserting the materiality of the information contained in the witnesses' computers and requesting that they produce the computers on the day of trial. Therefore, Welch was not entitled to the requested relief and we overrule Welch's sixth point of error.

## VII.    Underwood's Status as a Sex Offender

During cross-examination by Welch, Jane's mother testified that she had known a man named Brandon Underwood for about two years. He was "just a person that [she knew] through [her] ex . . . a friend of the family." She also testified that she had spent some time with him and that Jane knew him "[j]ust from the family." Welch then asked her whether she was aware that Underwood was a registered sex offender, and the State objected.[17] After a bench conference, which was not on the record, the trial court sustained the objection as to Underwood's status as a sex offender. Outside the presence of the jury, Welch made an offer of proof, examining Jane's mother regarding Underwood. The offer of proof produced the following relevant testimony from Jane's mother:

- She had known Underwood for about two years.

- Underwood is a friend of Jane's father.

- Underwood knows Jane and has had contact with her.

- Jane had not been around Underwood until "just recently."

- She was aware that Underwood was on community supervision for sexual assault of a child.

- She knew of Underwood's criminal status when Jane was associating with Underwood.

- She did not believe that it was in Jane's best interest to be associating with Underwood.

---

[17]The basis of the State's objection does not appear in the record.

For record purposes only, Welch admitted certified copies of the criminal indictment and order of deferred adjudication of Underwood into evidence. After the offer of proof, the trial court, again, sustained the State's objection.

In his final point of error, Welch argues that the trial court violated his right to "due process under the Federal Constitution (due process clause of the 14th Amendment) and due course of law under Texas law (Texas Code of Criminal Procedure, Article 1.04)" and that "such a denial by the trial court denied [him] his fundamental right of cross examination and the ability to adequately place before the jury a valid defense."

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); *Brown v. State*, 189 S.W.3d 382, 385 (Tex. App.—Texarkana 2006, pet. ref'd). Even though neither the grounds for the State's objection, nor the trial court's basis for granting it, appear in the record, we may uphold a trial court's ruling on any legal theory or basis applicable to the case. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002); *cf. Cameron v. State*, 241 S.W.3d 15, 18–20 (Tex. Crim. App. 2007).

The trial court could have had several reasons to exclude the evidence. One valid legal theory or basis for excluding the evidence is that the probative nature of the evidence is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Under Rule 403, we examine the probative nature of the evidence and balance it against the danger of unfair

18

prejudice should the evidence be admitted. TEX. R. EVID. 403. Under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 389).

Here, Welch is charged with sex offenses against a child. There is no evidence or allegation in the record that Underwood had any opportunity to molest Jane. Evidence of his status does not serve to support or attack the credibility of any other witness regarding a fact of consequence. In these circumstances, the trial court would be justified in excluding the evidence by finding the probative value of the evidence to be very minimal while the unfair prejudicial effect was substantial. We find that the record supports the trial court's ruling because the danger of unfair prejudice substantially outweighed the minimal probative value of Underwood's sex offender status. Accordingly, we overrule Welch's final point of error.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted: February 9, 2011
Date Decided: April 12, 2011

Do Not Publish

19